1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WILLIAM MITCHELL BELL,

    *Petitioner*,

vs.

JACK PALMER, *et al.*,

    *Respondents*.

3:11-cv-00721-RCJ-WGC

ORDER

    Petitioner has filed a habeas petition without either paying the filing fee or filing an application to proceed *in forma pauperis*.  It does not appear from the papers filed that a dismissal without prejudice will materially affect a later analysis of the timeliness issue in regard to a promptly filed new action.[1]  The present improperly-commenced action therefore will be dismissed without prejudice to the filing of a new action.

---

[1]The papers on file and the online docket records of the Supreme Court of Nevada reflect the following.  Petitioner was convicted in Nevada state court, pursuant to a guilty plea, of second degree murder in the shooting death of his wife.  The judgment of conviction was filed on February 13, 2007.  Petitioner did not file a direct appeal, and the time for doing so expired on March 15, 2007.  More than three years later, on or about November 20, 2010, petitioner filed a state post-conviction petition.  The Supreme Court of Nevada affirmed the denial of this petition on the ground that the petition was untimely.  The state supreme court rejected petitioner's claim that he had good cause for the untimely filing because he allegedly is illiterate and a paranoid schizophrenic.  The state high court rejected petitioner's claim that the untimely filing should be excused on the basis of actual innocence.  The order of affirmance was filed on September 15, 2011.  The Court notes that petitioner was found competent to assist in his defense.  The Court further notes that petitioner claimed that he accidentally shot his wife, as he does now in asserting actual innocence, before he admitted that he committed second degree murder in killing her when he changed his plea to guilty.  In all events, a dismissal of the present improperly commenced action without prejudice will not materially affect a later analysis of the timeliness issue in regard to a promptly filed new action.  Petitioner at all times remains responsible for calculating the running of the federal limitation period as applied to his case and properly commencing a timely-filed federal habeas action.

1       IT THEREFORE IS ORDERED that this action is DISMISSED without prejudice to the

2   filing of a new petition in a new action accompanied by either the required $5.00 filing fee or

3   a properly completed application to proceed *in forma pauperis*.

4       IT FURTHER IS ORDERED that the Clerk shall send petitioner two copies each of an

5   application form to proceed *in forma pauperis* for incarcerated persons and a noncapital

6   Section 2254 habeas petition form, one copy of the instructions for each form, and a copy of

7   the papers that he submitted in this action.

8       The Clerk of Court shall enter final judgment accordingly, dismissing this action without

9   prejudice.

10       DATED:  10-27-2011

11

12

13               ROBERT C. JONES

14               Chief United States District Judge